**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARGARET MUCKIN,** | : | **CIVIL ACTION NO. 3:24-cv-58** |
| **Plaintiff,** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| **THE CINCINNATI LIFE INSURANCE COMPANY,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Presently before the court in this diversity jurisdiction life insurance dispute is Defendant Cincinnati Life Insurance Company's partial motion to dismiss, (Doc. 11), Count II of Plaintiff Margaret Muckin's amended complaint, (Doc. 9), which alleges bad faith under 42 Pa. C.S.A. §8371. Defendant moves to dismiss this count based on Plaintiff's failure to state a claim upon which relief may be granted. For the reasons discussed below, the court will **GRANT** Defendant's motion.

## I. BACKGROUND

The background of this case is taken from the factual allegations set forth in Plaintiff's amended complaint and attached exhibits, (Doc. 9), which the court must accept as true on motion to dismiss. Around November 19,

2021, Gary Muckin applied for a life insurance policy from Defendant. *Id.* at 2. On or about December 15, 2021, Defendant issued the life insurance policy to Mr. Muckin which he assigned his wife, Plaintiff Margaret Muckin, as a beneficiary. *Id.*

The life insurance application required Mr. Muckin to answer a questionnaire regarding his medical background and preexisting conditions. *Id.* Question 6 of the application asks the applicant to indicate whether he or she had been diagnosed, treated, tested positive, or been given medical advice by a member of the medical profession for a list of different medical issues. (Doc. 9-2.) For this section of the application, Mr. Muckin checked off boxes identifying he had previous problems with high blood pressure, digestive system disorder, and disorder or disease of the blood or lymph nodes. *Id.* However, Mr. Muckin did not check off the box indicating he had ever been treated for a "cancer or tumor of any kind." *Id.*

Following question 6, question 7a of the application asks the applicant to indicate whether in the last 5 years he or she had been hospitalized or consulted, been examined or treated by any physician, psychiatrist or other medical professional not disclosed in response to the prior question. *Id.* Question 7d further asks the applicant to answer whether he or she was ever diagnosed or treated by a member of the medical profession for specific

symptoms such as, immune deficiency, anemia, recurrent fever, fatigue or unexplained weight loss… unexplained swelling of the lymph glands[.] Mr. Muckin answered "no" to both questions. *Id.* Also in the application, Mr. Muckin stated that he had been attending annual physical exams with his family treating physician, Dr. Phillip Boccagno and had never been diagnosed with cancer. *Id.*

Around January 23, 2023, Mr. Muckin passed away due to systemic AL amyloidosis, a form of cancer. *Id.* Afterward, Plaintiff filed an application for life insurance. *Id.* Around July 24, 2023, Defendant denied Plaintiff's claim. *Id.* at 4. In a letter sent to Plaintiff, Defendant indicated that her life insurance claim was denied because of Mr. Muckin's failure to disclose the removal of several tumors, myelodysplastic disorder, and pulmonary nodules in his application. *Id.* Specifically, Defendant pointed to question 6 where Mr. Muckin failed to disclose that he had been diagnosed or treated for a "cancer or tumor of any kind." *Id.* Plaintiff claims that this was disclosed in question 6, where Mr. Muckin acknowledged disease of the blood or lymph nodes. *Id.* at 4. Conversely, Defendant also pointed to question 7a and 7d to which Mr. Muckin answered "no" as reason why they denied Plaintiff's claim. *Id.*

On January 12, 2024, Plaintiff initiated this lawsuit by filing a complaint for breach of contract and bad faith. (Doc. 1.) On March 12, 2024, Defendant

filed a motion to dismiss Plaintiff's bad faith claim pursuant to Rule 12(b)(6) of the Rules of Federal Procedure. (Doc. 7.) On April 8, 2024, Plaintiff filed an amended complaint and Defendant's motion to dismiss was dismissed without prejudice as moot on April 9, 2024. (Doc. 10.) On April 29, 2024, Defendant filed another motion to dismiss Plaintiff's bad faith claim pursuant to Rule 12(b)(6) of the Rules of Federal Procedure. (Doc. 11.)

## II. LEGAL STANDARD

Defendant's partial motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule (12)(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief may be granted. In considering a partial motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the cause of action." *Peters v. Geico Advantage Ins. Co.*, 2019 WL 3816929,

*2 (M.D. Pa. 2019) (citing *Trzaska v L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2018)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy federal pleading requirements, the non-moving party must also "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips*, 515 F.3d at 231 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court should generally grant leave to amend a pleading before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). However, dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice, or futility. *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). "Futility means that the complaint, as amended, would fail to state a claim upon which relief

could be granted." *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Finally, "[i]inasmuch as Pennsylvania law governs this action[,] we treat Pennsylvania Supreme Court Opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009).

## III. DISCUSSION

Defendant seeks dismissal of Plaintiff's amended bad faith claim pursuant to 42 Pa. Const. Stat. Ann. §8371 which states that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. Ann. §8371. The Pennsylvania Supreme Court has long held that an insurer must act with "the utmost good faith" towards its insured. *Romano v. Nationwide Mut. Fire Ins. Co.*, 646A.2d 1128, 1231 (Pa. Super. 1995) (citing *Fedas v. Insurance Co. of Pa.*, 151 A. 285, 286 (Pa. 1930)). The insurers duty of good faith is contractual and arises because the insurance company assumes a fiduciary status through their policy which gives it the right to handle claims and control settlement. *Romano*, 646 A.2d at 1231 (citing *Gray v. Nationwide Mut. Ins. Co.*, 223 A.2d 8 (Pa. 1966)).

Under Pennsylvania law, bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty, through some motive of self-interest or ill will; mere negligence is not bad faith." *Wolfe v. Allstate Prop. and Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 64 A.2d 860 (Pa. Super. 1994)). "Bad faith claims are fact specific and depend on the conduct of the insurer vis a vis the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2000).

To recover for a bad faith claim under §8371, a plaintiff must show by clear and convincing evidence that (1) the insurer did not have a reasonable

basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Wolfe*, 790 F.3d at 498. A "dishonest purpose" or "motive of self-interest or ill will" is not a third element of this test. *Rancosky v. Washington Nat. Ins. Co.*, 170 A.3d 364, 373 (Pa. 2017) (citing *Greene v. United Services Auto. Ass'n*, 936 A.2d 1178, 1190 (Pa. Super. 2007)). However, a motive of "self-interest" or "ill-will" may be considered in determining the second prong of the bad faith test. *Id*. Recklessness on the part of the insurer can support a finding of bad faith. *Id.* "Bare-bones" conclusory statements are not sufficient to state a bad faith claim. *Peters*, 2019 WL 3816929 at *3.

Defendant argues that the allegations set forth in Plaintiff's amended complaint regarding bad faith are mere conclusions lacking factual support. Defendant also argues that many of the allegations provided are substantially identical to those dismissed in *Allman v. Metro Group Prop. & Cas. Ins. Co.*, 2021 WL 4502263 (M.D. Pa. 2021) and in *Peters*, because they were found to be conclusory. Plaintiff alleges Defendant acted in bad faith:

(a) In failing to objectively and fairly evaluate Plaintiff's claim;

(b) In failing objectively and fairly to reevaluate Plaintiff's claim based on new information;

(c) In engaging in dilatory and abusive claims handling;

(d) In failing to adopt or implement reasonable standards in evaluating Plaintiff's claim;

(e) Acting unreasonably and unfairly in response to Plaintiff's claim;

(f) In subordinating the interest of its insureds to its own financial monetary interests;

(g) In failing to promptly offer reasonable payments to the Plaintiff;

(h) In failing reasonable and adequately to investigate Plaintiff's claim;

(i) In failing reasonably and adequately to evaluate or review the medical documentation in Defendant's possession;

(j) In violating the fiduciary duty owed to the Plaintiff;

(k) In failing to make an honest, intelligent, and objective settlement offer;

(l) In causing Plaintiff to expend money on the presentation of their claim;

(m) In causing Plaintiff to bare the stress and anxiety associated with litigation.

The court agrees with Defendant. These allegations are "bare-bones conclusory statements which are not sufficient to state a bad faith claim." *Peters*, 2019 WL 3816929 at *3 (quoting *Meyers v. Protective Ins. Co.*, 2017

WL 386644, *9 (M.D. Pa. 2017)). Similar allegations to the ones alleged here have been determined to be legal conclusions rather than factual allegations in other cases in the Middle District. *Id.* (citing *Rickell v. USAA Cas. Ins. Co.*, 2018 WL 5809865, *3 (M.D. Pa. 2018)). The allegations in subparagraphs (a), (b), (h), and (i) have already been held to be conclusory in both the *Peters* and *Rickell* cases, and similar allegations have been ruled to be conclusory in *Allman*. *Id.; Allman*, 2021 WL 4502263 at *3. Also similar to those cases, the allegations set out in subparagraphs (c), (e), and (g) lack additional factual support for this court to conclude that Defendant's actions could plausibly be unreasonable. *Id.* (*see Rickell*, 2018 WL 5809865 at *3) (Allegations "regarding how defendant handled the claim after receipt are conclusory without additional factual support that would inform the court why Defendant's actions are unreasonable.").

Other courts have found allegations that claim defendants failed to adopt "reasonable standards" and subordinated "the interest of its insureds to its own financial monetary interests" are conclusory and lacking in factual support. It has been held in the Eastern District of Pennsylvania that mere allegations an insurer prioritized its own interests over those of the insured are conclusory. *Pasqualino v. State Farm Mut. Ins. Co.*, 2015 WL 3444288, *5 (E.D. Pa. 2015). Also in the Eastern District, it has been held that failure

to adopt reasonable standards for prompt negotiations of claims is conclusory. *Northridge Village L.P. v. Travelers Indem. Co. of Conn.*, 2016 WL 7428211, *2 (E.D. Pa. 2016). Finally, it has been held in the Middle District that allegations an insurer failed to adopt reasonable standards in evaluating claims does not establish bad faith. *Sypek v. State Farm Mut. Ins. Co.*, 2012 WL 2239730, *3 (M.D. Pa. 2012).

Plaintiff also argues that Defendant lacked a good faith basis to deny her claim because Mr. Muckin properly disclosed his medical history by acknowledging disease of the blood and lymph nodes in his policy application. However, Plaintiff admits in paragraph 16 of her amended complaint that Mr. Muckin did have several tumors removed. The copy of application attached to the amended complaint shows that he did not disclose those tumors in question 6 where he was asked if he ever had a "cancer or tumor of any kind." (Doc 9-3). It is further evident from the attached application that Mr. Muckin answered "no" to both questions 7a and 7d indicating that he neither had been treated within the last 5 years for any of the listed conditions in question 6 nor had been treated for any of the symptoms listed in 7d. *Id.* The Third Circuit has held that if a Plaintiff's own exhibits contradict the allegations in the complaint, the exhibit will control. *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018) (citing

*Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010)). Accordingly, Plaintiff has not plausibly pled that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits and her bad faith claim will be dismissed.

Since Plaintiff has already amended her bad faith claim once and her own exhibits render any bad faith claim implausible that dismissal will be without leave to amend. *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (internal quotation omitted) (Amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted.")

## IV. CONCLUSION

Based on the foregoing, the court will **GRANT** Defendant's partial motion to dismiss. (Doc. 11.) An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 6, 2024**
24-58-01